Cynthia and George Naanes
4832 North Creosote Canyon Drive
Tucson, Arizona 85749
Phone: 520-638-6650

Plaintiffs *Pro Per*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

CYNTHIA NAANES and GEORGE NAANES, wife and husband;

    Plaintiff,

vs.

UNITED STATES OF AMERICA, DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE, SAGUARO NATIONAL PARK EAST;

    Defendants.

No. CV17-0194TUC JAS

COMPLAINT

(Federal Tort Claims Act)

Assigned to:

Plaintiffs *pro per* by this Complaint against the Defendant, alleges as follows:

I.

This action arises under 28 U.S.C. § 2671 et. seq., the Federal Court Tort Claims Act and jurisdiction for this action arises under 28 U.S.C. § 346(b) and/or 28 U.S.C. § 1346(b). Venue is proper within the District of Arizona pursuant to 28 U.S.C. § 1402 (b) because all acts referred to herein occurred within the District of Arizona.

II.

Plaintiffs CYNTHIA and GEORGE NAANES are citizens of the United States of America, are residents of the State of Arizona, residing at 4832 North Creosote Canyon Drive, Tucson, Arizona, 85749.

III.

Pursuant to 28 U.S.C. §2675 the plaintiffs mailed a claim by Certified or Registered

mail to the Department of the Interior, Saguaro National Park, Ray O'Neil, Tort Claims Officer. Their claims were received by the Department of the Interior agency on November 6, 2015. Plaintiff's received a formal denial on May 3, 2016. Plaintiffs sent by certified mail a Request for Reconsideration to the Department of the Interior on October 31, 2016, received by the Department of the Interior on November 2, 2016, and denied on November 14, 2016. Pursuant to 28 C.F.R. 14.9, an additional six months from November 2, 2016, is allowed for the filing of a Complaint. An amended Form 95 was mailed by certified mail on April 19, 2017, prior to the filing of this Complaint. Because the accrual has not occurred, this Complaint is timely filed.

## IV.

The amount in controversy in this matter exceeds the minimum jurisdictional requirements for this Court's jurisdiction.

## V.

On November 10, 2013, at approximately 11:15 a.m., Plaintiff, CYNTHIA NAANES was riding her bicycle on Cactus Forest Drive, Saguaro National Park East, United States of America, Pima County, State of Arizona. A defective roadway owned by defendant UNITED STATES OF AMERICA, and operated by employees of the U.S. DEPARTMENT OF THE INTERIOR and NATIONAL PARK SERVICE, and SAGUARO NATIONAL PARK EAST, caused Plaintiff to crash her bicycle, resulting in severe injuries. What appeared to be a simple descent and ascent in the roadway was later discovered by Plaintiff, and previously known to Defendant, to be unreasonably dangerous. At the time of the crash, Rangers, including Rincon Mountain District Chief Ranger Paul Austin, were acting in the scope of their employment thereby giving rise to liability of the United States, pursuant to the principles of *respondeat superior* and by act of Congress pursuant to 28 U.S.C. §1346.

## VI.

Rangers and Defendant were intentional, reckless or negligent in not repairing or correcting the dangerous condition, or not providing an alternate route, or not properly warning of the danger.

### VII.

That the aforealleged acts of intentional, reckless or negligent conduct proximately caused severe injury to CYNTHIA NAANES. The plaintiffs have suffered pain, grief, sorrow, anguish, stress, shock and mental suffering, loss of companionship, and will continue to experience such in the future.

### VIII.

The Defendant had a duty to maintain the roadway in safe condition for all intended users. Defendant's employees knew the roadway was not safe for bicyclists. In 2010, District Chief Ranger Paul Austin stated that there were accidents on Cactus Forest Loop Drive, many of which required helicopter transport. Further, that he was working on the "four E's" to help increase safety in the park. Yet no visible changes were made to alert or warn cyclists of the dangers or change any physical aspects of the roadway. Large jagged rocks on the left side, rip-rap, placed along the roadway edge by and or at the order of employees of the Saguaro National Park East were especially dangerous and deadly to any cyclist that encountered them. These rocks should not have been placed along the road edge and should have been removed. As a direct and proximate result in the duty and breach, CYNTHIA NAANES was seriously injured including C1-C4 vertebrae injury resulting in permanent injury.

### IX.

The Defendants, by and through their employees, knew that they should eliminate as best as they can access to the area. Defendants negligently failed to do so, and as a direct and proximate cause of the breach, Plaintiff CYNTHIA NAANES was seriously injured.

### X.

Employee Brad Shattuck, Chief of Maintenace, Saguaro National Park, knew that the corner bottom of the steep hill on Cactus Forest Loop Drive had a history of crashes and did not take action to reduce the crashes. As a direct and proximate cause of the breach, Plaintiff CYNTHIA NAANES was seriously injured.

## XI.

On November 23, 2011, employees of the Saguaro National Park West [EA] responded to an Arizona Road Safety Assessment (RSA) stating that replacing the existing small and narrow warning signs with larger sign was recommended. Specifically, the Saguaro National Park East (SNPE) employees agreed with the RSA that the steep grade bicycle sign that was small in size be replaced with a larger and more descriptive sign showing bicyclists being ejected (and with rocks) with a steep grade plaque below the sign. At the time of CYNTHIA NAANES' crash on November 10, 2013, nearly two years later, the sign had still not been replaced. Because of breach of the duty to warn, and knowing there should be more adequate warning and negligently ignoring this information, Plaintif NAANES was seriously injured.

## XII.

Saguaro National Park West [EA] (SNPW [SNPE]) could have installed psycho-perceptive transverse lines and right turn arrow markings on the approach to the curve along with skid resistant surface. SNPE knew this in 2011 and negligently failed to do so. As a direct and proximate cause of the breach, Plaintiff CYNTHIA NAANES was seriously injured.

## XIII.

SNPE could have widened the pavement on the outside of the curve, and knew in 2011, that they should do so for safety. Employees of SNPW [SNPE] and Defendant negligently failed to do so. As a direct and proximate cause of the breach, Plaintiff CYNTHIA NAANES was seriously injured.

## XIV.

SNPE knew in 2011 that it should widen the pavement eight feet similar to other existing wash crossings. SNPE and employees of Defendant negligently failed to do so. As a direct and proximate cause of the breach, Plaintiff NAANES was seriously injured.

## XV.

SNPE also knew in 2011 that they could move the rocks several feet away from the edge of the road. Indeed, it was reported that this had been completed, however, it was not.

Defendant and its employees had a duty report properly what was completed and what was not completed. Defendant and its employees had a duty to actually complete the work and negligently did not do so. As a direct and proximate cause of the breach, Plaintiff NAANES was seriously injured.

### XVII.

SNPE knew in 2011 that it should replace the rocks (rip-rap) with softer or more forgiving erosion control measures. SNPE agreed to perform this after the rocks near the road were removed. Having a negligently false report of the completion of the removal of the rocks near the road, SNPE continued in its negligence by not following up with the assessment to replace the rip-rap. As a direct and proximate breach of this duty, Plaintiff NAANES was seriously injured.

### XVIII.

SNPE knew in 2011 that it should trim the vegetation approaching the curve and hill so that cyclists had better sight distance through the curve. Whether this was accomplished in 2011 or not is irrelevant. Photographs taken around the time of the crash show shadows across the roadway of nearby vegetation. SNPE had a duty to maintain the safety of the roadway and as a direct and proximate cause of the breach of the duty, Plaintiff NAANES was seriously injured.

### XIX.

SNPE knew in 2011, that it should provide a bicycle kiosk at the top of the hill and use bicycle ambassadors and park staff during peak bicycle times to staff the kiosk. SNPE concurred and promised to begin the design phase. SNPE never installed this or any alternative to it. As a direct and proximate cause of the negligence, Plaintiff NAANES was seriously injured.

### XX.

SNPE knew in 2011 that it should add a display and safety information at the entry ramada where the bicyclists congregate and promised to do so by winter of 2011. No such

displays regarding the specific safety of the first hill / curve were installed. As a result of the breach, Plaintiff NAANES was seriously injured.

### XXI.

SNPE knew in 2011 that it could super elevate the curve, provide a simple curve as opposed to the existing compound curve with a decreasing radius for the safety of cyclists and SNPE concurred yet made no effort for funding requests nor any effort to perform the work that they concurred with. As a direct result of this breach, Plaintiff NAANES was seriously injured.

### XXII.

SNPE was well aware of multiple crashes over a period of 11 years prior to 2012. In 2006 the road was re-paved. SNPE could, at that time, have performed any number of changes to make it safer knowing that there had been multiple crashes. During the 2006 chipseal SNPE wanted course grain gravel, an especially dangerous layer for cyclists. Members of the community lobbied for fine chipseal. The compromise was something in the middle. Thus engineers and designers who knew of crashes and cyclist needs still negligently planned to not only ignore safety, but make the roadway worse. SNPE had at that time, five years of crash statistics. SNPE repeated admitted that it was aware of the unreasonably dangerous condition of the roadway negligently failed to take any action to make it safer. As a direct and proximate result of this negligence and further negligence as may be discovered, Plaintiff CYNTHIA NAANES was permanently and seriously injured.

WHEREFORE, Plaintiffs pray for judgment against the United States as follows:

1. For Plaintiff's special damages, including but not limited to expenses incurred for medical care and treatment of his injuries;

2. For Plaintiff's general damages;

3. For Plaintiff's lost wages and for diminution of his earning capacity;

4. For Plaintiff's costs incurred herein; and

5. For such other and further relief as the Court may deem just and proper

RESPECTFULLY SUBMITTED this ___1st___ day of May, 2017.

CYNTHIA NAANES

By _____
  Cynthia Naanes
  Plaintiff *pro per*